**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ISAIAS BERMUDEZ,

                              Plaintiff,

      v.                                       No. 07-CV-367
                                                        (LEK/DRH)

S. ROSSI, Correctional Officer, Coxsackie Correctional Facility; R. MONTGOMERY, Correctional Officer, Coxsackie Correctional Facility; D. DECKER, Correctional Officer, Coxsackie Correctional Facility; FARRELL, Correctional Officer, Coxsackie Correctional Facility; RAY, Correctional Officer, Coxsackie Correctional Facility; WILLIAM HAGGETT, Deputy Superintendent, Coxsackie Correctional Facility; ISRAEL RIVERA, Superintendent, Coxsackie Correctional Facility; and GLENN S. GOORD, Commissioner of Department of Corrections.

                              Defendants.

---

**APPEARANCES:**

ISAIAS BERMUDEZ
03-A-4627
Plaintiff Pro Se
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

GERALD J. ROCK, ESQ.
Assistant Attorney General

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Isaias Bermudez ("Bermudez"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees, violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is defendants' motion to vacate Bermudez's in forma pauperis (IFP) status and to dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Docket Nos. 17, 19. Bermudez opposes the motion. Docket Nos. 18, 21. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

Bermudez asserts that while he was incarcerated at Coxsackie Correctional Facility ("Coxsackie") in 2005, defendants conspired to and did violate his First and Fourteenth Amendment rights. Compl. at ¶¶ 2, 72-82. Bermudez contends that on July 16, 2005, he filed a grievance because he did "not receiv[e] toothpaste, soap and envelopes for the last 24 days that [he] was moved to [the D block] . . . ." Id. at ¶¶ 14-15. Bermudez alleges that on July 18, defendant Montgomery, a corrections officer, made "retaliatory threats" promising to cause Bermudez serious physical harm. Id. at ¶¶ 16-17. Later that day and in fear for his safety, Bermudez wrote a letter to the superintendent. Id. at ¶ 18.

On July 21, 2005, Bermudez's cellblock "was under an institutional search . . ." and Bermudez alleges that defendants, falsely claiming that Bermudez threatened them,

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

unnecessarily searched his cell.  Id. at ¶¶ 28, 30-31.  Bermudez alleges that defendants Rossi and Montgomery thereafter "prepared and then filed a false misbehavior report . . ." accusing Bermudez of verbally abusing and exposing himself to defendants.  Id. at ¶¶ 36-37.  This report also contained "a tainted ticket [presented at the] hearing disposition . . . offering a pretended signature of a fictitious correctional officer . . . ."  Id. at ¶ 38.  Bermudez was placed in keeplock.[2]  Id. at ¶ 39.

   On July 25, 2005, a disciplinary hearing was held.  Id. at ¶ 40.  The hearing was adjourned until July 27, during which time Bermudez alleges he was again threatened by defendants for contesting the disciplinary report.  Id. at ¶¶ 42, 45.  When the hearing was recommenced, "[Bermudez] immediately informed the hearing officer, defendant William Haggett, on the record, about the threats made by defendant . . . Montgomery (which was intentionally erased [from the record]) . . . . ."  Id. at ¶ 45.  Additionally, Bermudez claims that Rossi and Montgomery "testified falsely . . . to keep [him] confined . . . ."  Id. at ¶ 46.  "[T]he hearing officer . . . found [Bermudez] guilty and sentenced [him] to six (6) months in the Special Housing Unit ("SHU")[3] with loss of phones, packages and privileges."  Id. at ¶ 50.  While in SHU, Bermudez requested a copy of the recording of the disciplinary hearing but received a copy with a majority of the proceedings deleted.  Id. at ¶ 52.  On October 17,

---

[2]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities."  Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2007).

[3]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

2005, "the . . . disposition was reversed because the Hearing officer failed to address issues regarding retaliation defense by the inmate." Id. at ¶ 56 (citations and internal quotations omitted).

On August 12, 2005, Bermudez was transferred to Southport Correctional Facility. Id. at ¶ 54. Upon arrival, "one of [Bermudez's] property bags containing [his] sneakers, boots, walkman, headphones, contact lenses, art materials, religious materials and cosmetic items, watch, photo album and letters were intentionally thrown away and [] never recovered by either . . . [f]acility." Id. at ¶ 54. This prohibited Bermudez from "attend[ing] regular bible group studies and the communion of breaking bread . . . ," activities essential to his faith. Id. at ¶ 55.

This action was commenced on or about April 5, 2007. Docket No. 1. Bermudez's application to proceed IFP was granted on April 17, 2007. Docket No. 4. Bermudez has filed at least three federal civil rights actions in courts in this circuit prior to the present action. Rock decl. (Docket No. 17, Pt. 3) at ¶ 5. Bermudez's lawsuits all appear to relate, in one fashion or another, to his incarceration in DOCS facilities.

## II. Discussion

Under 28 U.S.C. § 1915, a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). "Indigent or otherwise disadvantaged litigants are afforded a certain degree of leeway in the . . . court system . . . ; [h]owever[,] the courts' generosity has its limits." Tafari v. Hues, 473 F.3d 440, 440 (2d Cir. 2007). Defendants seek to vacate the

IFP order and dismissal of the complaint under 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.  See 28 U.S.C. § 1915(g) (2006).[4]

These terms have subsequently been defined.  Frivolous claims "lack[] an arguable basis either in law or in fact."  Tafari, 473 F.3d at 442 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Malicious claims are filed with the intent to hurt or harm another.  Id. (citations omitted).  The failure to state a claim uses a parallel definition from Fed. R. Civ. P. 12(b)(6); however, "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]."  Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

Additionally, the "three-strikes" provision contains a narrow exception which permits suits notwithstanding prior dismissals when the prisoner is "under imminent danger of serious physical injury."  Id.  In deciding whether application of the exception is warranted, "a court must examine the available pleadings, construed in the light most favorable to the [prisoner] . . . ."  Gamble v. Maynard, No. 06-CV-1543 (DNH/DEP), 2008 WL 150364, at *4 (N.D.N.Y. Jan. 14, 2008) (citations omitted).  "This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm."  Id. (citations omitted).  This harm must also be real and serious and "merely speculative or hypothetical" harms are insufficient.  Id. (citations omitted).

---

[4] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA") which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

Here, Bermudez has initiated at least two prior actions in the Southern District of New York. Defendants identify these two actions and a subsequent appeal as constituting strikes for the purposes of § 1915(g). See Bermudez v. Dep't of Corr., No. 03-CV-312 (S.D.N.Y. Apr. 10, 2003) (hereinafter Bermudez I);[5] Bermudez v. New York, No. 03-CV-6705 (MBM) (S.D.N.Y. Sept. 4, 2003) (hereinafter Bermudez II); Bermudez v. New York, No. 03-CV-280 (2d Cir. Mar. 11, 2004) (hereinafter Bermudez III).[6] Both cases and the appeal were dismissed based upon proper § 1915(g) grounds.

Bermudez I was dismissed for Bermudez's failure to comply with an order "direct[ing him] to file an amended complaint . . . ." Bermudez I. In the preceding 60-day order, the Court explained that Bermudez's complaint did not "alleg[e] facts sufficient to demonstrate that [(1) his] injury was caused by any policy or custom of the . . . defendants," (2) defendant Farsi was personally involved, "[ (3) Bermudez] . . . was given Red I.D. status without th[e mandatory] procedural protections," "(4) an[y] individual(s) w[ere] deliberately indifferent to his medical condition," or (5) he had exhausted his administrative remedies. 60-day Order at 1-4. Thus, the complaint lacked substantive sufficiency and "although . . . [Bermudez's] case [was dismissed] for failure to comply with [the 60-day] order, essentially the prior order found that the complaint failed to state a claim upon which relief could be granted." Gamble v. Monette, No. 06-CV-136 (LEK/GJD), 2007 WL 2089697, at *4

---

[5] Bermudez I is preceded by a 60-day order (Bermudez v. Dep't of Corr., No. 03-CV-312, Docket No. 3) (hereinafter "60-day Order") which serves as the basis for the subsequent decision and order dismissing the case.

[6] While defendants attached copies of the docket sheets for the various cases, copies of the orders in question were provided to the Court by the Clerk's Office for the Southern District of New York and are being filed in the docket of this case.

6

(N.D.N.Y. July 20, 2007); see also Haynes v. White, No. 07-CV-150 (SWW/JTR), 2007 WL 3047006, at *1 n.1 (E.D. Ark. Oct. 16, 2007) ("Dismissal pursuant to . . . a court . . . sua sponte dismiss[ing] a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court" may be treated as a dismissal for filing a frivolous action, and thus a "strike . . . .").

As previously discussed, the definition of a frivolous claim is one lacking a basis in law or fact.  Therefore, the dismissal of Bermudez I constitutes a strike for purposes of § 1915(g).  Bermudez II was also "dismiss[ed] because it lack[ed] an arguable basis either in law or in fact."  Bermudez II, No. 03-CV-6705 at 2.   Therefore, Bermudez's second action was also frivolous within the meaning of § 1915(g) and the subsequent dismissal serves as a second strike.  Finally, Bermudez III, was dismissed because the "appeal lack[ed] an arguable basis in law and fact . . . ."  Bermudez III, No. 03-CV-280 at 1.  Thus, Bermudez has received three strikes under § 1915(g).

The question then becomes whether Bermudez falls within the scope of the exception to the three-strike rule.  Even construing the facts in a light most favorable to Bermudez, a review of the complaint shows that he was not facing imminent danger at the time he filed his complaint.  Actually, Bermudez had been transferred from Coxsackie where all of the alleged violations had occurred.  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (holding that the imminent danger exception is inapplicable if it does not "involve [the] present incarceration.").  Thus, it cannot be said that Bermudez was in imminent danger since none of the defendants remain in contact with him.  In addition, Bermudez's claims of a deprivation of his personal property do not constitute a serious physical injury.  Moreover, Bermudez's assertions attempting to contend imminent physical

7

harm, that "no matter where he goes . . . he will very easily be a target by the staff . . . [who] take adverse action against prisoners like [him] . . ." are conclusory, speculative, and hypothetical. Docket No. 18 at 9. Therefore, these allegations do not suffice to bring Bermudez within the exception to the rule.

Furthermore, dismissal is not precluded by the fact that Bermudez has already been granted IFP status in this action. Docket No. 4. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, Bermudez has received three prior strikes within the scope of § 1915(g), he does not qulaify for the exception, and it is recommended that the order granting IFP status to Bermudez be vacated and that Bermudez's complaint be dismissed unless he pays the full filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion (Docket Nos. 17, 19) be **GRANTED** and that:

   1. The order granting Bermudez's IFP status (Docket No. 4) be **VACATED**;

   2. The complaint be **DISMISSED** as to all defendants and all claims <u>unless</u> Bermudez pays the full filing fee of $250.00 within thirty (30) days of the entry of a final

order by the district court; and

     3. Bermudez be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 20, 2008
       Albany, New York

                                        *David R. Homer*
                                  United States Magistrate Judge